[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR STAY
The plaintiffs in this action are Connecticut remodeling contractor companies and their individual officers and employees. The plaintiffs seek to bring this action on behalf of a class comprised of all persons and entities residing in the state of Connecticut who purchased health and/or dental coverage to be provided by International Workers Guild (IWG) Health and Welfare Fund and all persons for whom such coverage was purchased. The plaintiffs in their proposed class action complaint allege an CT Page 15938 elaborate scheme perpetrated by certain defendants and aided and abetted by other defendants to sell the plaintiffs and others bogus and worthless health insurance coverage. In their complaint the plaintiffs cite IWF Health and Welfare Fund which is purported to be an employee welfare benefit plan negotiated between International Workers Guild Inc. (IWG), National Association of Business Organizations and Professionals (NABOP). The Fidelity Group Inc. (Fidelity) is alleged to be the administrator and/or manager of the fund. The plaintiffs allege that the defendants, in this case, Remodeling Contractors Association, Inc. (RCA), Richard W. Davis, H. Jackson Stearns 
Co. and Siegfried Jones conspired to recommend and sell these fraudulent insurance products. The defendant RCA is a trade association of small contracting and remodeling companies. The defendant Davis is the executive director of RCA. The defendant H. Jackson Stearns Co. is an insurance agency. The defendant Siegfried Jones was a Senior Account Executive with such agency.
The defendants have moved for stay of further proceedings in this action. The basis of such motion is litigation pending in the United States District Court for the Eastern District of New York between the Secretary of Labor and the Fidelity Group, NABOP, IWG and the IWG Health and Welfare Trust Funds; as well as various individuals associated with such organizations. In this action, Herman v. Fidelity Group, Inc. et al CV-98-7683 (JM) (ARL) the District Court judge issued an order that: "Unless otherwise permitted by this court, all pending actions, whether state and/or federal, against the Fund, its trustees, fiduciaries, participants or beneficiaries are stayed. Excluded from this order are any actions, whether legal, equitable or administrative in nature by the Secretary of Labor or any other federal government authority and any state or state agency. Any action filed after the filing of this order would also be stayed pursuant to the All Writs Act, 28 U.S.C. § 1651."
The court appointed fiduciary for the Fund and receiver of Fidelity Group, NABOP and IWG; with the court's permission, instituted a supplemental complaint against varidus individuals, insurance agencies and organizations which were involved in the sale of the allegedly fraudulent insurance coverage. The defendants in this action were not named by the trustee or fiduciary in the supplemental complaint.
The plaintiffs oppose a stay on the grounds that their state court action involves different claims and parties who are not CT Page 15939 defendants in the federal court action.
The federal court action by the Secretary of Labor and the supplemental complaint by the fiduciary and trustee appears to be primarily aimed at protecting the individuals victimized by this scheme. The purpose of the stay order would appear to be to facilitate such efforts by preserving assets for the insured victims. Though, the defendants in this action were not specifically named in the supplementary complaint by the court-appointed fiduciary and trustee; they are similarly situated and the allegations in the supplemental complaint are similar to those in plaintiffs complaint. Accordingly, the court views the federal stay order as controlling under the All Writs Act28 U.S.C. § 1651.
If the plaintiffs feel that they are prejudiced by the granting of the motion for stay; they may petition the United States District Court for relief. The defendants motion for stay is GRANTED and all proceedings in this course of action are stayed. This stay is in effect during the pendency of Herman v.Fidelity Group Inc CV-98-7683 United States District Court for the Eastern District of New York or until such time as such court orders otherwise.
McWEENY, J.